Approved.
/s/ *Benita Y. Pearson* on 1/29/2021
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

UNION HOME MORTGAGE CORP.,

    Plaintiff,

v.

DOMINIK KLINGSHIRN,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 4:21-cv-19

Judge Pearson

## AGREED INJUNCTION

This matter came before the Court pursuant to the Joint Motion for Entry of Agreed Injunction filed by Plaintiff Union Home Mortgage Corp. ("UHMC"), Defendant Dominik Klingshirn ("Klingshirn"). The Court, being duly advised, has determined that injunctive relief is appropriate and that the tendered Agreed Injunction should be entered. The Court finds that UHMC has no adequate remedy at law, UHMC will suffer irreparable harm if injunctive relief is not granted, and the entry of the injunction is consistent with the public interest. The Court, therefore, enters the following injunction:

## Factual Background

1.    UHMC is an Ohio corporation with its principal place of business in Ohio. UHMC is in the business of providing homeowners and prospective home buyers with mortgage and refinance loan products.

2.    Klingshirn is a citizen of Ohio and resides in Youngstown, Ohio. Klingshirn has worked as a loan officer in the mortgage business for years.

3.    In conjunction with an employment relationship, Klingshirn and UHMC entered into an employment agreement that contained restrictive covenants regarding, among other things, competition and the solicitation of UHMC's customers and identified prospective customers (the "Agreement").

4.    Klingshirn's employment with UHMC ended on or about December 28, 2020, and he has since gone to work for a direct competitor.

5.    Klingshirn's employment with a direct competitor is in the same or an exceedingly similar capacity as he worked for UHMC.

### The Current Dispute

6.     UHMC believes that Klingshirn has breached the Agreement for the benefit of himself and a direct competitor of UHMC. Based upon this belief, UHMC filed the instant lawsuit against Klingshirn seeking damages and an injunction (the "Lawsuit").

7.     Klingshirn denies UHMC's allegations, but has agreed to enter into this Agreed Injunction subject to the Court's approval.

### The Agreed Injunction

8.     Until January 7, 2022, Klingshirn shall not, directly or indirectly, act as a loan officer or otherwise facilitate the origination of mortgages for any property located within the State of Ohio.  As such, Klingshirn shall not receive or accept anything of value, directly or indirectly, by way of commissions or otherwise for mortgage loans originated on real estate located in Ohio while this restriction is in place.  If Klingshirn happens to come in contact with an individual seeking to procure a mortgage in Ohio, he shall decline their business and shall not refer the individual to any other representative of a competitor of UHMC, including his current employer.

9.     Until January 7, 2023, Klingshirn shall not, directly or indirectly, solicit or divert (or attempt to solicit or divert) or accept competitive business from any customer or identified prospective customer of UHMC: (i) for whom Klingshirn originated a mortgage; (ii) with whom Klingshirn had direct material contact in the one (1) year preceding December 28, 2020; or (iii) about whom Klingshirn obtained confidential information in conjunction with his employment by UHMC.  If Klingshirn happens to come in contact with such a customer or identified prospective customer of UHMC, he shall decline their business and shall not refer the individual to any other representative of a competitor of UHMC, including his current employer.

10.     For the avoidance of doubt, Klingshirn can act as a loan officer and facilitate the origination of mortgages outside of Ohio for individuals not described in Paragraph 9.

11.     Klingshirn shall immediately return to UHMC all confidential or trade secret information belonging to UHMC that remains in his possession, custody, or control, including all information relating to customers or prospective customers of UHMC.  Klingshirn shall not use or disclose such information for any other purpose and, upon returning it to UHMC, he shall permanently destroy or delete all records, whether electronic or otherwise, containing such information.

12.     Until January 7, 2023, Klingshirn shall not, directly or indirectly, employ or seek to employ any person who is employed by UHMC or induce such person or entity to leave their employment.

13.     For each quarter (*i.e.*, three month period) the restrictions described in Paragraph Nos. 8 or 9 of this Agreed Injunction are in effect, Klingshirn shall provide UHMC with a sworn declaration that he has not, directly or indirectly: (i) acted as a loan officer or otherwise facilitated the origination of mortgages for any property located within the State of Ohio as described in Paragraph No. 8; (ii) received or accepted anything of value, by way of commissions or otherwise, for mortgage loans originated on real estate located in Ohio; or (iii) solicited or diverted (or attempted to solicit or divert) or accepted competitive business from any customer or identified prospective customer of UHMC as described in Paragraph No. 9 by the 15th day of the month following the conclusion of the quarter. Klingshirn shall also produce records sufficient to establish the identity of those individuals for whom he, directly or indirectly, acted as a loan officer or otherwise facilitated the origination of a mortgage during the quarter in question, including the location of the subject property by state and county. The supporting records, but not Klingshirn's declarations, shall be produced only to Jason Clagg, outside counsel for UHMC, on an attorneys' eyes only basis and shall not be used for any competitive purpose. An attorney or staff member employed by Attorney Clagg's law firm shall also be permitted to assist with the review of these materials pursuant to the same restrictions.

14.     The Temporary Restraining Order entered by the Court on January 6, 2021, amended on January 7, 2021, and subsequently extended, is dissolved upon the entry of this Agreed Injunction.

15.     The matter shall be administratively closed. At the end of the term of this Agreed Injunction, assuming no showing of non-compliance, UHMC shall file a Motion to Dismiss this action with prejudice, fully and finally resolving the Parties dispute, each party to bear its own costs and fees.

16.     The Parties agree that this Court has subject matter and personal jurisdiction in the Lawsuit, including jurisdiction to enter this Agreed Injunction and enforce its terms.

17.     The Court shall retain jurisdiction to enforce the terms of this Agreed Injunction.

Dated this ___ day of _____, 2021.

_____
Judge

Distribution to All Counsel of Record